IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHARLES CARROLL          §
(TDCJ No. 1998374),      §
                         §
        Petitioner,      §
                         §
V.                       §          No. 3:18-cv-2371-L-BN
                         §
LORIE DAVIS, Director    §
Texas Department of Criminal Justice §
Correctional Institutions Division, §
                         §
        Respondent.      §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Carroll, a Texas inmate, has filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 2. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Through the habeas application, Carroll challenges his April 29, 2015 Dallas County conviction for third-degree failure to register as a sex offender. *See State v. Carroll*, No. F14-75930-W (363d Jud. Dist. Ct., Dallas Cty., Tex.). His federal habeas petition and records available online from Dallas County and the Texas Court of

Criminal Appeals (the "CCA") reflect that he did not file a direct appeal. But it appears that he did file a state habeas application concerning this conviction no sooner than October 12, 2017, the date he signed that application, *see Ex parte Carroll*, W14-75930-W(A) (363d Jud. Dist. Ct., Dallas Cty., Tex.), which the CCA denied without written order on June 6, 2018, *see Ex parte Carroll*, WR-88,413-01 (Tex. Crim. App.).

On initial review of the federal habeas application, the Court recognized that the petition is likely time-barred and issued a questionnaire [Dkt. No. 5] to provide Carroll fair notice of the limitations issues and to allow him to present his positions as to those issues through a verified response to the questionnaire. Carroll has filed a timely response to that questionnaire. *See* Dkt. No. 7.

## Legal Standards

Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ____, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires

-4-

reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the United States Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th

Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Carroll did not file a direct appeal, the applicable state criminal judgment became final for federal-limitations purposes on the thirtieth day after the state judgment was imposed that was not a Saturday, Sunday, or legal holiday – or on May 29, 2015. *See* TEX. R. APP. P. 26.2(a)(1). And, "[b]ecause [Carroll's] state habeas petition was not filed within the one-year period" that commenced on that date, that petition "did not statutorily toll the limitation clock." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))).

Accordingly, the Section 2254 habeas application – filed no sooner than September 2, 2018, the date on which Carroll signed it, *see* Dkt. No. 3 at 10 – was filed more than 2 years and 3 months too late. That application is therefore due to be denied

as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

And, while Carroll does not assert that he is actually innocent, he does claim that a "significant and completely debilitating mental illness" prevented him from timely pursuing post-conviction relief. Dkt. No. 7. In this regard,

> [t]he Fifth Circuit has recognized that mental incompetency may support equitable tolling of the AEDPA limitations period. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). However, "merely claiming mental incompetency does not automatically entitle the [p]etitioner to equitable tolling." *Guerra v. Thaler*, No. 3:09-cv-2272-P, 2010 WL 5071614, at *2 (N.D. Tex. Oct. 25, 2010) (citing *Smith v. Johnson*, 247 F.3d 240 (table), 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001)), *rec. adopted*, 2010 WL 5071608 (N.D. Tex. Dec. 10, 2010). A petitioner must "'sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights'" in a timely manner. *Guerra*, 2010 WL 5071614, at *2 (quoting *Smith v. Johnson*, 2001 WL 43520, at *3); *see also Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008) ("Smith also makes purely conclusory allegations regarding his mental illness. Although he states he has been diagnosed with 'severe psychotic and/or schizophrenia [sic] tendencies,' he nowhere explains how this prevented him from pursuing his legal rights.").

*Guyton v. Thaler*, No. 3:12-cv-4555-B-BN, 2013 WL 1130290, at *2 (N.D. Tex. Feb. 26, 2013), *rec. adopted*, 2013 WL 1131248 (N.D. Tex. Mar. 19, 2013).

Carroll's mental-incompetency assertions are merely conclusory. He has failed to provide the Court with evidence – or even allege facts – to support his claim that a mental disability interfered with his ability to file a federal writ in a timely manner. That is, he has not shown that there is a "causal connection between [his] mental illness and his failure to file a timely federal habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 & n.34 (5th Cir. 2013) (per curiam) (collecting cases); *see also Roberts*, 319 F.3d at 695 (fact that petitioner was hospitalized 13 times during one-year

limitations period, standing alone, was insufficient to merit equitable tolling); *Jones v. Thaler*, No. 3:10-cv-2100-P-BD, 2011 WL 444860, at \*2-\*3 (N.D. Tex. Jan.19, 2011) (same as to schizoaffective disorder resulting in hallucinations), *rec. adopted*, 2011 WL 419200 (N.D. Tex. Feb.7, 2011); *Guerra*, 2010 WL 5071614, at \*2 (petitioner not entitled to equitable tolling where he failed to meet his burden of establishing the degree and duration of his mental impairment).

In sum, Carroll has not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at \*3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 640 F. App'x at 307.

For these reasons, the Section 2254 application is time-barred.

### Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court also should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division,

Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 26, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE