IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHARLES CARROLL #1998374,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:18-CV-2371-L** |
| § | |
| **LORIE DAVIS, Director, Texas** § | |
| **Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

# ORDER

On September 26, 2018, United States Magistrate Judge David L. Horan entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court dismiss with prejudice this habeas action as time-barred. The magistrate judge further determined that equitable tolling does not apply. No objections to the Report were filed, although Petitioner was granted an extension on October 23, 2018, to November 8, 2018, to file objections. Also before the court are Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. 6), filed September 25, 2018; and Petitioner's Rule 60 Motion (Doc. 11), filed October 16, 2018.

After carefully reviewing the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, **denies** the habeas petition, and **dismisses with prejudice** this habeas action as time-barred without any basis to support equitable tolling. In light of this ruling, the court also **denies as moot** Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. 6); and **denies**

Order – Page 1

**without prejudice** as premature Petitioner's Rule 60 Motion (Doc. 11), which was filed before the entry of judgment in this case. To the extent the Rule 60 Motion was intended to constitute objections to the Report, the court **overrules** the objections after conducting a de novo review of that portion to which objection was made, as the motion merely includes a general recitation of law and requests relief under Federal Rule of Civil Procedure 60 but does not set forth any justification, valid or otherwise, to rebut the magistrate judge's findings and conclusions that pertain to this case.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 11th day of January, 2019.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge